# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00188-CV

**Widner Product Finishing Company, Appellant**

**v.**

**Southwood Door Company, a Mississippi Corporation; Oshkosh Door Company, a Wisconsin Corporation; and Todd A. Robinson, an Individual, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 223,258-B, HONORABLE PHILLIP ZEIGLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Widner Product Finishing Company ("Widner"), plaintiff below, attempts to appeal summary judgments entered in favor of Oshkosh Door Company ("Oshkosh") and Todd A. Robinson (collectively, "Defendants"). Widner did business with a Mississippi corporation called Southwood Door Company ("Southwood"). After Southwood folded, Widner sued Southwood to collect outstanding debts. Widner named two other defendants in its lawsuit: Robinson, who owned Southwood and was its officer and director, and Oshkosh, another company that Robinson owned. Widner propounded various theories as to why Robinson and Oshkosh should be liable for Southwood's debt. Robinson and Oshkosh eventually moved for summary judgment, arguing that as a matter of law they were not liable. The trial court granted Robinson's and Oshkosh's summary-judgment motions, and Widner appeals. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Southwood manufactured doors at its Mississippi plant. Pursuant to a contract with Widner, Southwood shipped unfinished wood to Widner's facility in Texas, where Widner finished the wood and then shipped it back to Southwood in Mississippi. Todd Robinson owned Southwood and was its officer and director. Robinson also owned Oshkosh, a Wisconsin corporation that also manufactured doors.

In the spring of 2007, Southwood went out of business, and Widner sued Southwood to collect outstanding debts. Widner added Robinson and Oshkosh as defendants, seeking to hold them jointly and severally liable for Southwood's debts. On December 26, 2007, the Mississippi Secretary of State administratively dissolved Southwood as a corporation.

Widner filed an amended petition in March of 2009 in which it alleged that Robinson was liable for Southwood's debts under Texas Tax Code section 171.255. *See* Tex. Tax Code Ann. § 171.255 (West 2008) (outlining circumstances under which corporate officer responsible for corporation's debts). Widner's amended petition alleged that Oshkosh was also liable for Southwood's debts under an "alter ego" theory because the two companies had "unified management, unified ownership, unified advertising, and the like so as to be indistinguishable between one and the other."

Oshkosh moved for no-evidence summary judgment, arguing that because it and Southwood were "affiliates" but legally distinct corporations, the only way it could be liable for Southwood's debts was if it "caused [Southwood] to be used for the purpose of perpetrating and did perpetrate an actual fraud on [Widner] primarily for the direct personal benefit of [Oshkosh]." Tex. Bus. Orgs. Code Ann. § 21.223(b) (West Pamph. 2009) (outlining circumstances under which

2

corporation's "affiliate" can be liable for corporation's contractual obligations).[1] Oshkosh argued that Widner had "no evidence to create a genuine issue of material fact as to whether Southwood was used for perpetrating a fraud on" Widner.

Robinson also moved for no-evidence summary judgment, arguing that because there was no evidence that Southwood's corporate privileges had been forfeited, he could not be liable for Southwood's debts. *See* Tex. Tax Code Ann. § 171.255(a) (corporate officer is liable for corporation's debts only if corporation's privileges "are forfeited for the failure to file a report or pay a tax or penalty"). After filing his no-evidence motion, Robinson also filed a traditional summary-judgment motion in which he argued that, as a matter of law, Texas Tax Code section 171.255 did not make him liable for Southwood's debts.

Widner responded to the Defendants' summary-judgment motions by arguing that although Southwood was a foreign corporation that had never been admitted to do business in Texas, it had in fact conducted business in Texas. As a result, Widner argued, Southwood had violated Texas law by failing to pay Texas franchise taxes, which meant that Robinson should be liable for Southwood's debts. Widner claimed that sections 171.252 and 171.255 of the Texas Tax Code supported this argument. Widner also claimed that, under the circumstances, section 171.255(b) of the Texas Tax Code effectively made Robinson's liability the same as it would have been if he had been in a business partnership with Southwood.

---

[1] When Oshkosh filed its motion for summary judgment, Business Organizations Code section 21.223(b) was codified at article 2.21 of the Texas Business Corporations Act. *See SSP Partners & Metro Novelties, Inc. v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 456 n.57 (Tex. 2008). The parties cited the latter statute in their trial-court briefing, but we cite the former because the recodification effected no substantive changes. *See id*.

Widner subsequently filed a summary-judgment motion of its own against Southwood and Robinson, arguing that undisputed evidence proved that Southwood owed Widner a debt of $67,703.56 and that as a matter of law Robinson was liable for that debt. Widner's arguments concerning Robinson's liability were effectively the same ones Widner had made in its amended petition.

Southwood filed a response to Widner's summary-judgment motion in which it admitted its liability and conceded that the court should enter judgment against it. Robinson filed a response to Widner's summary-judgment motion in which he argued that he was not liable for Southwood's debts. His arguments were largely the same ones he had advanced in his summary-judgment motions.

On October 16, 2009, the trial court entered an order granting Oshkosh's no-evidence summary-judgment motion. On February 26, 2010, the trial court entered a separate order granting Widner's summary-judgment motion against Southwood, denying Widner's summary-judgment motion against Robinson, and granting Robinson's traditional summary-judgment motion against Widner. The February 26, 2010 order did not mention Oshkosh or the earlier judgment rendered in its favor. On March 26, 2010, Widner filed a notice of appeal stating "its intent to appeal the trial court's judgment rendered on February 26, 2010." The notice of appeal did not mention Oshkosh or the earlier judgment rendered in its favor.

## STANDARD OF REVIEW

We review a district court's summary-judgment rulings de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A movant is entitled to traditional summary

4

judgment if (1) there are no genuine issues of material fact and (2) it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant is entitled to no-evidence summary judgment if an adverse party presents no evidence of one or more essential elements of its claim or defense. *Id*. R. 166a(i). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence*, 164 S.W.3d at 661. When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary-judgment evidence presented by both sides and determine all questions presented. *Id*.

## DISCUSSION

Widner presents four points of error:

1. "The trial court erred in not finding that defendant Southwood unlawfully conducted business in Texas by not being admitted to do business in Texas."

2. "The trial court erred in not finding defendant Southwood was a partnership and that defendant Robinson was a partner in the Southwood Door Company partnership for purposes of Texas law."

3. "The trial court erred in not finding that defendant Robinson, as an officer and director of defendant Southwood, was personally liable for Southwood's debts."

4. "The trial court erred in not finding that defendants Oshkosh Door Company and Southwood Door Company were operated as a joint enterprise or a joint venture by a common sole shareholder for the purpose of conducting business in Texas."

Although these points of error speak in terms of "findings" rather than the trial court's summary-judgment rulings, we construe Widner's brief liberally, *see* Tex. R. App. P. 38.9, and assume that

5

the first three points of error are intended to challenge the trial court's conclusions that (1) Robinson was entitled to summary judgment against Widner and (2) Widner was not entitled to summary judgment against Robinson. We read the fourth point of error as challenging the trial court's determination that Oshkosh was entitled to summary judgement against Widner. We structure our analysis accordingly.

### Points of Error One through Three

As best we can interpret them, Widner's arguments in support of its first three points of error boil down to the claim that Texas Tax Code section 171.255 makes Robinson liable for Southwood's debt. Section 171.255(a) provides:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

Tex. Tax Code Ann. § 171.255(a). Tax code section 171.255(b), in turn, states that if section 171.255(a) applies, "[t]he liability of a director or officer is in the same manner and to the same extent as if the director or officer were a partner and the corporation were a partnership." *Id*. § 171.255(b). The problem with Widner's reliance on these statutes is that, as Widner repeatedly admits, Southwood never had corporate privileges in Texas—indeed, it was never licensed to do business in Texas in the first place—and it therefore cannot have forfeited any privileges, whether "for the failure to file a report or pay a tax or penalty" or otherwise. *Id*. § 171.255(a).

Widner seems to try to circumvent this problem by arguing that although Southwood never obtained a license to do business in Texas, it actually conducted business in Texas, so it *should*

6

have obtained a license and done all the things necessary to maintain the attendant privileges (e.g., filed corporate reports and paid franchise taxes). Widner seems to argue that because Southwood never did the things a corporation must to do maintain its corporate privileges, we should treat Southwood as though it forfeited corporate privileges.

We reject this argument because it defies the plain language of section 171.255. The statute imposes liability on corporate officers for corporate debts only when the corporation has *actually* forfeited its privileges. "It is well-settled that section 171.255 must be strictly construed to protect those individuals against whom liability is sought because it is penal in nature and cannot be extended beyond the clear meaning of its language." *Tri-State Bldg. Specialities, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 251 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Southwood simply never had corporate privileges in Texas, so we cannot treat it as though it had (and forfeited) corporate privileges. Southwood may have forfeited corporate privileges in its home state of Mississippi, but section 171.255 applies only when a corporation has forfeited its privileges *in Texas*. *Id*. Because Southwood never had corporate privileges in Texas, Texas Tax Code section 171.255 cannot apply to the case at bar. It follows that the trial court did not err by granting summary judgment in favor of Robinson.

***Point of Error Four***

As we understand it, Widner's fourth point of error challenges the trial court's determination that Oshkosh was entitled to summary judgment. As explained above, however, that determination was contained in a judgment rendered on October 16, 2009, and Widner excluded that judgment from its notice of appeal; the notice explicitly stated that Widner intended to appeal

only "the trial court's judgment rendered on February 26, 2010." As a result, it is not clear that we have jurisdiction over Widner's fourth point of error. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties *to the trial court's judgment or order appealed from*.") (emphasis added).[2] For the sake of thoroughness, however, we will address Widner's fourth point of error to the extent we understand it.

Widner seems to be arguing that the trial court erred by ruling there was no evidence to suggest Oshkosh could be liable for Southwood's debt. Widner seems to argue that the trial court's ruling was error because there was evidence that Oshkosh and Southwood had "unified management, unified ownership, unified advertising, and the like so as to be indistinguishable between one and the other." The implication of this argument, of course, is that if two corporations are "indistinguishable" then each is liable for the other's debt.

We reject this argument because regardless of how closely two corporations are tied, one cannot be liable for the other's debts unless it "caused the [other] to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee for the [sake of] direct personal benefit." Tex. Bus. Orgs. Code Ann. § 21.223(b). As Oshkosh correctly argued in its summary-judgment motion, there was no evidence—indeed, Widner did not even claim—that Oshkosh used Southwood to perpetrate a fraud on Widner for Oshkosh's direct personal benefit. In other words,

---

[2] Neither party has raised this issue, but we address it sua sponte because the notice of appeal defines the scope of our jurisdiction. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (specific language in notice of appeal defines scope of appeal, thereby limiting appellate court's jurisdiction); *Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (appellate court must address questions of jurisdiction sua sponte).

8

Widner had no evidence to support an essential element of its claim that Oshkosh was liable for Southwood's debt. *See* Tex. R. Civ. P. 166a(i). The trial court therefore did not err by granting Oshkosh's motion for summary judgment. We affirm.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: March 1, 2012